

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JASON W. HINES, | * |
| Plaintiff | * |
| v | * Civil Action No. RDB-19-1186 |
| CHESAPEAKE DETENTION FACILITY, *<br>*Employees and Officers in their individual*<br>*capacity as representatives of the Chesapeake* *<br>*Facility and as individuals,*<br>CHRISTOPHER J. PURPURA, | * |
| Defendant | * |

***

## MEMORANDUM OPINION

Self-represented Plaintiff Jason W. Hines alleges in this Complaint filed pursuant to 42 U.S.C. § 1983, that his constitutional rights were violated during the time he was a pretrial detainee housed at the Chesapeake Detention Facility ("CDF") in Baltimore, Maryland. The CDF has filed a Motion to Dismiss or, in the Alternative for Summary Judgment. (ECF No. 7). Defendant Christopher J. Purpura has filed a separate Motion to Dismiss or, in the Alternative, for Summary Judgment. (ECF No. 17).[1] Hines filed responses in opposition. (ECF Nos. 24, 29, 32). Additionally, Hines filed a Motion to Preserve Evidence. (ECF No. 23).

For reasons discussed below, the CDF's Motion to Dismiss (ECF No. 7) is GRANTED, Purpura's Motion to Dismiss (ECF No. 17) is GRANTED, Hines' Motion in Opposition (ECF No. 29) is DENIED, and Hines' Motion to Preserve Evidence (ECF No. 23) is DENIED.

---

[1] Hines also names the "Employees and Officers in their Idividual Capacity as Representatives of the Chesapeake Facility [sic] and as Individuals," but does not further identify them. ECF No. 1. Service has not been accepted by counsel for these unidentified individuals.

## BACKGROUND

Hines is a federal inmate at the Federal Correctional Facility in Butner, North Carolina, serving a 276 month term of incarceration imposed by this Court on September 11, 2017, after he pleaded guilty plea to one count of Sexual Exploitation of a Child in violation of 18 U.S.C. § 2251(a). *United States v. Hines*, Criminal No. RDB-16-378 (D. Md. 2017). Defendant Christopher Purpura was Hines' counsel in that case. *Id.* at ECF No. 42.

On April 4, 2019, Hines filed a handwritten twenty-one page complaint with an exhibit, alleging that during the time he was a detained at the ("CDF") he was required to clean blood stains and standing urine from his cell without protective equipment, he spent over two hours in a dayroom without a bathroom break, rounds are not conducted by correctional officers every thirty minutes, he was assaulted and injured by two different detainees on two different dates in September of 2017, and he received no medical attention for his "busted, bloodied lip" after the first incident. (ECF No. 1 at 4-10; ECF 1-1). He alleges that the CDF failed to provide him a baseline physical exam when he arrived at the CDF, had no system for independently requesting medical treatment, failed to provide "any" follow-up for requests for medical treatment, and prevented him from communicating securely with nurses. (*Id.* at 4, 10. at 11). As relief, Hines asks for $1 million in compensatory damages or the maximum amount by law. (ECF No. 1 at 20).

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court considers only the complaint and any attached documents "integral to the complaint." *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). To the extent that grounds for dismissal are based solely on the contents of the complaint, this Court may dismiss under Rule 12(b)(6) if the complaint does not allege enough facts to state a plausible claim for

2

relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal,* 556 U.S. at 678. A court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver,* 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.,* 407 F.3d 266, 268 (4th Cir. 2005).

## DISCUSSION

Hines filed this suit pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver,* 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979)). A suit under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege that 1) a right secured by the Constitution or laws of the United States was violated, and 2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988).

### 1. CHESAPEAKE DETENTION FACILITY

The CDF argues that it is not subject to suit under 42 U.S.C. §1983, Hines' claims are barred by Eleventh Amendment immunity, and Hines fails to allege facts to state a constitutional claim. (ECF No. 7). These arguments are considered in turn.

## A. CDF IS NOT A "PERSON"

CDF correctly notes that is not a "person" subject to suit under 42 U.S.C. § 1983. CDF is a building, not a "person." Inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not "person[s]" subject to suit under § 1983. *See Allison v. California Adult Auth.,* 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Gozo v. Chesapeake Detention Facility,* Civil Action No. PX-18-3934, 2019 WL 1331084 (March 22, 2019) (stating CDF is not a "person" subject to suit under §1983, and dismissing the complaint for failure to state a claim. Accordingly, the CDF's Motion to Dismiss will be granted.

## B. ELEVENTH AMENDMENT

As an arm of the State, the CDF is immune from suit under the Eleventh Amendment to the United States Constitution. Pursuant to the Eleventh Amendment, a state, its agencies and departments are immune from suits in federal court brought by its citizens or the citizens of another state, unless it consents. *Pennhurst State Sch. and Hosp. v. Halderman,* 465 U.S. 89, 100 (1984) (internal citations omitted). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* (internal citations omitted). While the State of Maryland has waived its sovereign immunity for certain types of cases brought in state courts, *see* Md. Code Ann., State Gov't § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court. Thus, the claims against CDF, an arm of the State, are barred by the Eleventh Amendment. The CDF's Motion to Dismiss will be granted on this ground as well.

## 2. FAILURE TO STATE A CLAIM

Had Hines properly named a person as a defendant, his allegations would still fail to state a claim. Section 1983 also requires a showing of personal fault based upon a defendant's personal conduct. *See Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (stating that for an individual defendant to be held liable pursuant to 42 U.S.C. § 1983, the plaintiff must affirmatively show that the official acted personally to deprive the plaintiff of his rights). A defendant's personal involvement must be alleged in order for a case to proceed. *See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) ("In order for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights." (internal punctuation omitted)). Respondeat superior is not a recognized theory of liability under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

Liability of supervisory officials under § 1983 "is premised on 'a recognition that supervisory indifference or tacit authorization of subordinates' misconduct may be a causative factor in the constitutional injuries they inflict on those committed to their care.'" *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (citing *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). To state a supervisory liability claim in a § 1983 action, a plaintiff must allege: (1) that the supervisor had actual or constructive knowledge that the subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show deliberate indifference to, or tacit authorization of, the alleged offensive practices; and (3) that there was an

5

affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 798-99 (4th Cir. 1994).

Hines references in the body of the complaint, "the Facility's Captain," "the Sergeant employed by the Facility" and "The Nurse employed by the Facility."[2] (ECF No. 1 at ¶¶ 2, 3, 4). He does not allege that these individuals were personally involved in the matters at issue, nor does he set forth facts necessary to state a claim based on supervisory liability. (ECF No. 1 ¶¶ 1, 2, 3).

Hines alleges that after his first altercation on September 11, 2017, he filed "grievances" asking "the Captain," the "Sergeant" and his case manager Will Hart[3] to move him away from his assailant Pablo Hurtado-Valio, but they failed to move him. (ECF No. 1 ¶5). Later that month, on September 29, 2017, a different inmate, Bernard Perkins, allegedly attacked Hines. (ECF No. 1 ¶12. Opposition, ECF No. 25-1).

The Due Process Clause of the Fourteenth Amendment protects the rights of pretrial detainees. *Hill v. Nicodemus*, 979 F.2d 987, 990-91 (4th Cir. 1992). The protections afforded to a pretrial detainee under the Fourteenth Amendment are similar to those provided by the Eighth Amendment for postconviction detainees. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Hill*, 979 F.2d at 991 ("Due process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to the convicted prisoner."). "This Court consistently has noted that when a pretrial detainee brings a Fourteenth Amendment failure-to-protect claim, the same standards apply as for an Eighth Amendment claim brought by a convicted prisoner." *See Perry v. Barnes*, Civil Action No. PWG-16-705, 2019 WL 1040545 (D. Md. March 3, 2019) (collecting

---

[2] Medical care is provided to federal pretrial detainees at the CDF by a contractual medical provider. Decl. of Leon A. King, II., ECF No. ¶8. In 2017, the contractual medical provider for CDF detainees was Wexford Health Sources Inc. The State of Maryland, the Department of Public Safety and Correctional Services, the Division of Pretrial Detention Service (DPDS"), and the CDF "did not employ nurses, physicians or other health providers for detainees and had no control over each provider's independent medical or nursing clinical judgment." Decl. of Leon A. King, II. *Id.*

[3] Hines does not name case manager Will Hart as a defendant in this case.

6

cases). Thus, in order to state a failure to protect claim, Hines must allege a defendant acted with "deliberate indifference to a substantial risk of serious harm to him." The analysis involves both an objective and a subjective component.[3] *See Danser v. Stansberry*, 772 F.3d 340, 346-47 (4th Cir. 2014). Subjectively, a prisoner must establish that the prison official involved had "a sufficiently culpable state of mind" amounting to "deliberate indifference to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To establish a culpable state of mind for a failure to protect claim, there must be "evidence suggesting that the prison official had actual knowledge of an excessive risk to the [inmate's or detainee's] safety." *Danser*, 772 F.3d at 347.

Assuming it is true that Hines asked to be moved to avoid Hurtado-Valio, he does not claim how he was injured by the "Captain" or "Sergeant's" alleged inaction. Moreover, Hines does not claim that he alerted either individual that he was at risk of attack by Perkins. Taking the facts in the Complaint to be true, Hines only alerted the "Captain" or "Sergeant" of possible danger to Hurtado-Valio after the first attack. Hines does not allege that he informed officials prior to an altercation on September 29, 2017, of his need to be protected from Perkins. Nor does he describe facts or circumstances from which a reasonable correctional official would have discerned an actual threat of harm to his safety.

In his opposition, Hines alleges that the "CDF had full knowledge that the two assailants posed a substantial risk of violence to other detainees with charges similar to those of Plaintiff." (ECF 25-1 at 11). He claims the "CDF had actual knowledge that both assailants had the propensity to harm, injure, and violently beat Plaintiff because of Plaintiff's charges." *Id.* These conclusory assertions are made without supporting facts, and fail to allege the "Captain," "Sergeant" or any other individual was aware these inmates posed a serious risk of harm to Hines prior to the assaults, so that their failure to act may premise a failure to protect claim.

7

## 2. CHRISTOPHER PURPURA

Hines faults Purpura for failing to advocate for him to be transferred to different housing, after his first altercation at CDF. (ECF No. 1 ¶5, 6, 8). An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. Therefore, Purpura is not amenable to suit under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn.8-16, (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (private attorney). *See also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor.").[4] Accordingly, Purpura's Motion to Dismiss will be granted.

## C. PLAINTIFF'S MOTION TO PRESERVE EVIDENCE.

In his Motion to Request to Preserve Evidence (ECF No. 23), Hines asks this Court to order his attorney, Mr. Purpura to preserve all records, including files, reports, memoranda, contracts, video recordings, telephone records, and other electronic records that relate to this case. Hines does not specify whether the noted evidence is in danger of being discarded, nor does he otherwise provide a factual or legal basis for the motion. The Motion will therefore be denied.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, this Court the CDF's Motion to Dismiss (ECF No. 7) is GRANTED, Purpura's Motion to Dismiss (ECF No. 17) is GRANTED,

---

[4] To the extent Hines intends to raise a claim of ineffective assistance of counsel against Purpura, his claim is more appropriately raised in a Motion filed pursuant to 28 U.S.C. § 2255.

Hines' Motion in Opposition (ECF No. 29) is DENIED, and Hines' Motion to Preserve Evidence (ECF No. 23) is DENIED.

January 23, 2020

                                           /s/ Richard D. Bennett
                                           RICHARD D. BENNETT
                                           UNITED STATES DISTRICT JUDGE